# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America <br> v. <br> Damitres A. Ward <br> *Defendant(s)* | ) ) ) ) ) ) ) Case No. 3:21-MJ-246 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 28, 2021  in the county of  Montgomery  in the  Southern  District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC s. 922(g)(1) & 924(a)(2) | felon in possession of ammunition in and affecting commerce |

This criminal complaint is based on these facts:

See Attached Affidavit of Fred Zollers

☑ Continued on the attached sheet.

*Fred Zollers*
Complainant's signature

Fred Zollers, TFO of the FBI
Printed name and title

Sworn to before me and affirmed in my presence by reliable electronic means.

Date: 06/29/21

City and state: Dayton, Ohio

Peter B. Silvain, Jr.
United States Magistrate Judge

## AFFIDAVIT

I, Frederick D. Zollers, being duly sworn, does hereby depose and state as follows:

## INTRODUCTION

1. I am a sworn law enforcement officer in the State of Ohio for fourteen (14) years.  I am presently a sworn member of the Montgomery County Sheriff's Office.  I am currently assigned to the Federal Bureau of Investigation's (FBI) Southern Ohio Safe Streets Task Force (SOSSTF) as a Task Force Officer (TFO).  I have received training in drug trafficking investigations and have participated in numerous narcotics-related investigations (ultimately leading to successful prosecution) that involved surveillance, gathering evidence of money laundering, interviewing suspected drug traffickers, and supervising the activities of informants who provided information and assistance which resulted in the seizure of narcotics, firearms, and U.S. currency.  I have conducted numerous investigations into the unlawful distribution and possession of controlled substances as well as use and possession of firearms.  Based on my training and experience, I am familiar with federal drug laws, and am aware that it is a violation of Title 21, United States Code, Sections 841(a)(1) and 846 to knowingly and intentionally distribute and possess with intent to distribute controlled substances (including heroin and cocaine), as well as to conspire to do the same.  Further, I am aware of federal firearm laws and know that possessing firearms in furtherance of a drug trafficking crime is a violation of Title 18, United States Code, Sections 924(c)(1)(A).  In addition, I am aware that possession of a firearm or ammunition by a convicted felon is a violation of Title 18, United States Code, Section 922(g)(1).

## PURPOSE OF AFFIDAVIT

2. This Affidavit is submitted in support of a criminal complaint, and seeks the issuance of an arrest warrant against, Damitres A. Ward (hereinafter "**WARD**") for a violation of Title 18, U.S.C.,

1

Sections 922(g)(1) and 924(a)(2), namely, felon in possession of ammunition in and affecting commerce.

3. Along with other law enforcement agents, I have participated in the investigation of **WARD** in connection with the conduct detailed in this Affidavit. As part of the investigation, I have, among other things, discussed information with, and/or reviewed documentation and reports provided by, other law enforcement officers. My knowledge of the facts and circumstances set forth in this Affidavit is thus based upon my own personal observations, as well as information I have received from other law enforcement officers involved in the investigation. For purposes of this Affidavit, I have not distinguished between information of which I have direct knowledge and that of which I have indirect knowledge.

4. I have elected not to include in this Affidavit all the factual details gathered to date during the investigation, but rather I have included only certain information sufficient to establish probable cause to believe that **WARD** has committed a violation of Title 18, U.S.C., Sections 922(g)(1) and 924(a)(2).

## SUMMARY OF PROBABLE CAUSE

5. On Monday, June 28, 2021, at approximately 12:54 p.m., Dayton Police Department (DPD) Officer Vincent Carter, while driving a marked DPD cruiser, initiated a traffic stop on a blue Ford Crown Victoria for an equipment violation in the 3700 block of Salem Avenue in Montgomery County, Dayton, Ohio. The sole occupant and driver of the vehicle, later identified as **WARD,** fled the traffic stop in the vehicle.

6. Members of the FBI SOSSTF and I utilized aerial surveillance to follow **WARD** as he fled northwest on Salem Avenue at a high and reckless rate of speed. **WARD** traveled north on Wolf

Road and drove to the parking lot of Meadowdale High School, located at 3873 Whitestone Court, Dayton, Ohio. **WARD** drove through the parking lot and briefly stopped in the parking lot near a baseball dugout before observing my unmarked vehicle enter the parking lot. **WARD** again fled in the vehicle and drove around my unmarked vehicle through the grass. **WARD** fled the school parking lot in the vehicle. **WARD** fled north on Wolf Road and continued to flee in the vehicle in a reckless manner while committing numerous traffic violations and creating a substantial risk of serious physical harm to other motorists through multiple jurisdictions. Aerial surveillance maintained constant surveillance on **WARD** until he parked and exited the vehicle in the parking lot of Company 7 BBQ, located at 1001 S. Main Street, Englewood, Ohio. Officer Carter and I contacted and detained **WARD** as he walked away from the vehicle at approximately 1:10 p.m. While searching **WARD's** person incident to arrest, I located a plastic baggie of suspected marijuana in his pant pocket. Task force members conducted an inventory search of **WARD's** vehicle prior to it being towed, and no items of contraband were located or seized from the vehicle.

7. After **WARD** was detained, aerial surveillance members reviewed the recorded footage of **WARD** fleeing and the route he traveled in attempt to observe and recover any evidence **WARD** may have tossed from the vehicle. Upon reviewing the recorded footage, it was observed that **WARD** tossed an item out of the driver's door of the vehicle when briefly stopped in the parking lot of Meadowdale High School. I returned to the parking lot and observed a small camouflage bag on the pavement against the curb. The camouflage bag had two compartments, one of which contained the following but not limited to items: a small container of suspected marijuana and a digital scale. The second compartment contained three (3) loaded 9mm handgun magazines.

8. After recovering the camouflage bag and contents, I reviewed the recorded aerial surveillance footage of **WARD** fleeing in the vehicle. From reviewing the recorded footage, I was able to

confirm the recovered camouflage bag was the item that aerial surveillance members observed **WARD** toss from the vehicle while in the parking lot of Meadowdale High School.

9. All three (3) handgun magazines were loaded with twelve (12) 9mm bullets, totaling thirty-six (36) 9mm bullets. Of the thirty-six (36) 9mm bullets, one of them was a Winchester 9mm Luger brand round of ammunition. I subsequently spoke with Special Agent (SA) Chris Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who has training and experience in determining the place of manufacture for firearms and ammunition. SA Reed advised that the Winchester 9mm Luger bullet was manufactured outside the state of Ohio, thus moved in interstate commerce.

10. Based on a review of **WARD's** criminal history, I know that **WARD** is currently on federal supervised release through the Southern District Court of Ohio for a firearms violation conviction. Specifically, on or about January 4, 2018, **WARD** was convicted in this District in Case No. 3:16CR157WHR, of being a felon in possession of a firearm, in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2), and was sentenced to 24 months of imprisonment. Given the length of this sentence, **WARD** knows that he had been convicted of a crime punishable by a term of imprisonment exceeding one year. Additionally, I know that **WARD** has additional felony convictions (each punishable by greater than one year of imprisonment):

    a) on or about August 22, 2006, in Montgomery County, Ohio Common Pleas Court, case number 2005CR04128/1, for F1 "Aggravated Burglary (deadly weapon);"

    b) on or about August 22, 2006, in Montgomery County, Ohio Common Pleas Court, case number 2005CR04765, for F1 "Aggravated Robbery (deadly weapon) and F2 "Felonious Assault (deadly weapon);"

11. Based on the facts set forth in the Affidavit, there is probable cause to believe that, on or about June 28, 2021, in the Southern District of Ohio, **WARD** committed a violation of Title 18, U.S.C., Sections 922(g)(1) and 924(a)(2).

Further your Affiant sayeth naught.

*Fred Zollers*
Frederick D. Zollers, Task Force Officer
Federal Bureau of Investigation
Southern Ohio Safe Streets Task Force

Subscribed and sworn to before me this 29th day of June, 2021.

Peter B. Silvain, Jr.
United States Magistrate Judge

5